JUN 23 2026 PM2:17 FILED - USDC - NDTX - LU

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v. No. 5:26-CR-027-H(11)

MIGUEL A. SOTO (11)

**FACTUAL RESUME**

In connection with Miguel A. Soto's plea of guilty to the offense in Count One of the Indictment, Soto, the defendant; Marie E. Galindo, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following.

**ELEMENTS OF THE OFFENSE**

To prove the offense alleged in Count One of the Indictment, charging a violation of Title 18, United States Code, Section 371, that is, Conspiracy to Transport Stolen Property in Interstate Commerce, the government must prove the following elements beyond a reasonable doubt:[1]

*First*: That the defendant and at least one other person agreed to commit the crime of Transportation of Stolen Property in Interstate Commerce, as charged in the Indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish some object or purpose of the conspiracy.

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2024).

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

To prove a violation of Title 18, United States Code, Section 2314, that is, Interstate Transportation of Stolen Property, the government must prove each of the following elements beyond a reasonable doubt:[2]

[2] Fifth Circuit Pattern Jury Instruction 2.89 (5th Cir. 2024).

*First*: That the defendant transported or caused to be transported in interstate or foreign commerce items of stolen property as described in the indictment.

*Second*: That at the time of such transportation, the defendant knew that the property had been stolen, converted, or taken by fraud; and

*Third*: That the property had a value of $5,000 or more.

Knowledge or reasonable foreseeability of interstate or foreign transport is not required to convict. It is enough if the defendant set in motion a series of events which in the normal course led to the transportation.

"Property" means goods, wares, merchandise, securities, or money.

The word "stolen" means all wrongful and dishonest taking of property with the intent to deprive the owner of the rights and benefits of ownership, temporarily or permanently.

The phrase "taken by fraud" means to deceive or cheat someone out of property by means of false or fraudulent pretenses, representations or promises.

The word "value" means the face, par, or market value, whichever is the greatest and the aggregate value of all goods, wares, and merchandise, securities, and money referred to in a single indictment shall constitute the value thereof.

## STIPULATED FACTS

1. Miguel A. Soto admits and agrees that from on or about a date unknown to the grand jury and continuing through on or about the date of the Indictment, in the Lubbock Division of the Northern District of Texas, and elsewhere, he did knowingly and intentionally combine, conspire, confederate, and agree with his co-conspirators named in the Indictment and with persons known and unknown to the grand jury, to commit an offense against the United States, that is, Interstate Transportation of Stolen Property, in violation of Title 18, United States Code, Section 2314. All in violation of Title 18, United States Code, Section 371.

2. The Permian Basin, a vast sedimentary shale basin located in West Texas and Southeastern New Mexico, currently produces an estimated 14 million barrels of oil per day. According to the U.S. Energy Information Administration, ten counties in the Permian Basin account for 93% of U.S. oil production growth since 2020. The region encompassing Lea and Eddy Counties, the situs for much of the oil theft in this case, accounted for much of the increase in production between 2020 and 2024. West Texas Intermediate ("WTI") is the benchmark used to price crude oil in the Permian Basin and much of the United States.

3. Louis George Edgett conducted business on at least four properties in and near Eddy and Lea Counties in New Mexico. Edgett and a relative known to the grand jury leased one of the properties, the "Government E #001," from the United States of America, and Edgett leased the "Keohane B Federal #2 and #3" from the United States of America. He leased the "Sarah Sue #002 and #003" from the State of New Mexico.
or Marathon
Edgett also leased property on Maddox Road at and near Highway 62 in Eastern New Mexico from a private individual. Edgett maintained frac and oil tanks on the properties.

4. Soto and others stole crude oil from oil producers in the Eastern New Mexico region of the Permian Basin and transported the stolen crude oil to the frac and oil tanks Edgett maintained there. Brenden Floyd Strickland facilitated the delivery of stolen crude oil to the tanks.

5. Soto and others had an agreement that Edgett would pay cash for stolen crude oil. Once Soto transferred stolen crude oil into Edgett's tanks, Edgett and/or Strickland paid him in cash for the stolen crude oil at prices significantly below WTI.

and waste disposal

6. Soto owned Soto & Sons, an oil-hauling company that provided services in New Mexico. Through investigation, agents learned that Soto began stealing crude oil for Edgett and Strickland in 2024. Soto admits and agrees that he did, in fact, steal crude oil for Edgett and Strickland.

7. Soto admits and agrees that after he stole crude oil, he contacted Edgett and/or Strickland and unloaded it into Edgett's tanks. He further admits and agrees that the two paid him in cash. Such exchanges are demonstrated in the text communications below:



From: +15752661191 Miguel Soto Truck Driver
To: +15756314823 Brenden (owner)

Hey sir I have something for today 70/80bbls

**Priority:** Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15756314823 Brenden | | 1/16/2024 4:54:38 PM(UTC-7) | |

**Status:** Read
**Platform:**

1/16/2024 4:53:19 PM(UTC-7)



From: +15756314823 Brenden (owner)
To: +15752661191 Miguel Soto Truck Driver

Wooohooooo. Any water with it?

**Priority:** Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15752661191 Miguel Soto Truck Driver | | | |

**Status:** Sent
**Platform:**

1/16/2024 4:55:26 PM(UTC-7)

From: +15752661191 Miguel Soto Truck Driver
To: +15756314823 Brenden (owner)

No

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756314823 Brenden | | 1/18/2024 10:53:36 AM(UTC-7) | |

**Status:** Read

**Platform:**

1/16/2024 5:34:07 PM(UTC-7)

From: +15752661191 Miguel Soto Truck Driver
To: +15756314823 Brenden (owner)

I have 55 bbls today

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756314823 Brenden | | 1/18/2024 10:53:36 AM(UTC-7) | |

**Status:** Read

**Platform:**

1/18/2024 10:42:28 AM(UTC-7)

From: +15756314823 Brenden (owner)
To: +15752661191 Miguel Soto Truck Driver

Helllllll yeaaaaaa. When you headed to me?

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15752661191 Miguel Soto Truck Driver | | | |

**Status:** Sent

**Platform:**

1/18/2024 10:53:58 AM(UTC-7)

From: +15752661191 Miguel Soto Truck Driver
To: +15756314823 Brenden (owner)

I have more today

**Priority:** Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15756314823 Brenden | | 1/22/2024 6:17:57 PM(UTC-7) | |

**Status:** Read
**Platform:**

1/22/2024 6:17:47 PM(UTC-7)

From: +15756314823 Brenden (owner)
To: +15752661191 Miguel Soto Truck Driver

Awesome

**Priority:** Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15752661191 Miguel Soto Truck Driver | | | |

**Status:** Sent
**Platform:**

1/22/2024 6:17:59 PM(UTC-7)

From: +15756314823 Brenden (owner)
To: +15752661191 Miguel Soto Truck Driver

How much?

**Priority:** Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15752661191 Miguel Soto Truck Driver | | | |

**Status:** Sent
**Platform:**

1/22/2024 6:18:03 PM(UTC-7)

From: +15752661191 Miguel Soto Truck Driver
To: +15756314823 Brenden (owner)

100

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756314823 Brenden | | 1/22/2024 6:18:30 PM(UTC-7) | |

**Status:** Read
**Platform:**

1/22/2024 6:18:21 PM(UTC-7)

From: +15752661191 Miguel Soto Truck Driver
To: +15756314823 Brenden (owner)

I on my way to Lovington can you have the other $$

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756314823 Brenden | | 1/22/2024 8:10:46 PM(UTC-7) | |

**Status:** Read
**Platform:**

1/22/2024 8:10:08 PM(UTC-7)

From: +15756314823 Brenden (owner)
To: +15752661191 Miguel Soto Truck Driver

I'm in hobbs already bro. Will you have more tomorrow? if so, i can meet you as you unload and give you it there

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15752661191 Miguel Soto Truck Driver | | | |

**Status:** Sent
**Platform:**

1/22/2024 8:11:22 PM(UTC-7)

8. Soto admits and agrees that Edgett and Strickland paid him below WTI pricing for the stolen crude oil he sold to them. Below is a photo found in Strickland's cell phone during the execution of a search warrant. It shows that Strickland paid Soto $6,030 for 402 barrels of stolen oil during a five-day period in January 2024. Strickland paid Soto $15 per barrel despite WTI holding at $74.15 per barrel that month.




9. Below is another photo found in Strickland's cell phone during the execution of the search warrant. It shows that Strickland paid Soto $12,780 for 852 barrels of stolen crude oil during two weeks in May 2024. Although WTI was holding that month at $80.02 per barrel, Strickland was paying Soto only $15 per barrel.


Miguel

110 @ .15 : $1650
112 @ .15 : $1680
55 @ .15 : $825
$4155 ← Last Week
120 . 15 : $1800
105 . 15 : $1575
115 . 15 : $1725
40 . 15 : $600
35 . 15 : $525
120 . 15 : $1800
40 . 15 : $600
$8625 ← This week

$12,780

10. Both handwritten ledgers demonstrate the disparity in the price that Edgett and Strickland paid Soto for the stolen crude oil and WTI, which would be the approximate fair market value of that oil. In all, Soto sold 9,090 barrels of stolen crude oil to Edgett and Strickland from January 12, 2024, to June 19, 2024. That oil had a market value of $724,200.30, but Edgett and Strickland paid Soto approximately $136,350.

11. Investigation showed that Christopher Frederick Harris, an employee of Randell Wayne Reid and James Darrell Reid, would pick up the stolen crude oil from Edgett's tanks in New Mexico and transport it to the Reids' tanks in Seminole, Texas.

The Reids paid Edgett significantly below WTI for the stolen crude oil. The Reids then turned around and sold the stolen crude oil to mid-stream buyers at prices below WTI.

12. Soto admits and agrees that his actions were part of a conspiracy to transport stolen crude oil in interstate commerce, that is, to transport stolen crude oil from New Mexico to Seminole, Texas, within the Lubbock Division of the Northern District of Texas. He admits and agrees that he and his conspirators committed the overt act of transporting stolen crude oil to Edgett's property. That stolen oil was then taken across the New Mexico-Texas state border in interstate commerce. Soto admits that he knew the crude oil, which was valued in excess of $5,000, was stolen at the time it was transported in interstate commerce.

13. Soto admits and agrees that he joined in the conspiracy willfully, knowing of the unlawful purpose of the conspiracy, and with intent to further the unlawful purpose.

14. Finally, Soto admits and agrees that he committed all the essential elements of the offense alleged in Count One of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One.

AGREED TO AND STIPULATED on this 23rd day of June, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

MIGUEL A. SOTO
Defendant

ANN HOWEY
Assistant United States Attorney
Texas State Bar No. 24032312
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7351
Facsimile: 806-472-7394
E-mail: ann.howey@usdoj.gov

MARIE E. GALINDO
Attorney for Defendant