JUN 29 2026 PM3:52
FILED - USDC - NDTX - LU

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v. No. 5:26-CR-027-H(07)

JESUS MARTIN HERNANDEZ-
BORJA (7)

**FACTUAL RESUME**

In connection with Jesus Martin Hernandez-Borja plea of guilty to the offense in Count One of the Indictment, Hernandez-Borja, the defendant; Heath Hyde, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following.

**ELEMENTS OF THE OFFENSE**

To prove the offense alleged in Count One of the Indictment, charging a violation of Title 18, United States Code, Section 371, that is, Conspiracy to Transport Stolen Property in Interstate Commerce, the government must prove the following elements beyond a reasonable doubt:[1]

*First*: That the defendant and at least one other person agreed to commit the crime of Transportation of Stolen Property in Interstate Commerce, as charged in the Indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2024).

described in the Indictment, in order to accomplish some object or purpose of the conspiracy.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

To prove a violation of Title 18, United States Code, Section 2314, that is, Interstate Transportation of Stolen Property, the government must prove each of the

following elements beyond a reasonable doubt:[2]

*First*: That the defendant transported or caused to be transported in interstate or foreign commerce items of stolen property as described in the indictment.

*Second*: That at the time of such transportation, the defendant knew that the property had been stolen, converted, or taken by fraud; and

*Third*: That the property had a value of $5,000 or more.

Knowledge or reasonable foreseeability of interstate or foreign transport is not required to convict. It is enough if the defendant set in motion a series of events which in the normal course led to the transportation.

"Property" means goods, wares, merchandise, securities, or money.

The word "stolen" means all wrongful and dishonest taking of property with the intent to deprive the owner of the rights and benefits of ownership, temporarily or permanently.

The phrase "taken by fraud" means to deceive or cheat someone out of property by means of false or fraudulent pretenses, representations or promises.

The word "value" means the face, par, or market value, whichever is the greatest and the aggregate value of all goods, wares, and merchandise, securities, and money referred to in a single indictment shall constitute the value thereof.

## STIPULATED FACTS

1. Jesus Martin Hernandez-Borja admits and agrees that from on or about a date unknown to the grand jury and continuing through on or about the date of the Indictment, in the Lubbock Division of the Northern District of Texas, and elsewhere, he did knowingly and intentionally combine, conspire, confederate, and agree with his co-conspirators named in the Indictment and with persons known and unknown to the grand jury, to commit an offense against the United States, that is, Interstate Transportation of

[2] Fifth Circuit Pattern Jury Instruction 2.89 (5th Cir. 2024).

Stolen Property, in violation of Title 18, United States Code, Section 2314. All in violation of Title 18, United States Code, Section 371.

2. The Permian Basin, a vast sedimentary shale basin located in West Texas and Southeastern New Mexico, currently produces an estimated 14 million barrels of oil per day. According to the U.S. Energy Information Administration, ten counties in the Permian Basin account for 93% of U.S. oil production growth since 2020. The region encompassing Lea and Eddy Counties, the situs for much of the oil theft in this case, accounted for much of the increase in production between 2020 and 2024. West Texas Intermediate ("WTI") is the benchmark used to price crude oil in the Permian Basin and much of the United States.

3. Louis George Edgett conducted business on at least four properties in and near Eddy and Lea Counties in New Mexico. Edgett and a relative known to the grand jury leased one of the properties, the "Government E #001," from the United States of America, and Edgett leased the "Keohane B Federal #2 and #3" from the United States of America. He leased the "Sarah Sue #002 and #003" from the State of New Mexico. Edgett also leased property on Maddox Road at and near Highway 62 in Eastern New Mexico from a private individual. Edgett maintained frac and oil tanks on the properties.

4. Hernandez-Borja and others stole crude oil from oil producers in the Eastern New Mexico region of the Permian Basin and transported the stolen crude oil to the frac and oil tanks Edgett maintained there. Brenden Floyd Strickland facilitated the delivery of stolen crude oil to the tanks.

5. Hernandez-Borja owned Borja's Trucking, a company that provided hauling services in New Mexico. Through investigation, agents learned that Hernandez-

Borja began stealing crude oil for Edgett and Strickland as early as 2019, and Hernandez-Borja admits and agrees that he did, in fact, steal crude oil for Edgett and Strickland. He admits and agrees that the photo below shows his truck entering the Sarah Sue #002 and #003 on or after July 10, 2024, to deliver stolen crude oil. Edgett maintained three frac tanks and two inoperable pump jacks on the property and used it solely to receive stolen crude oil.



6. Hernandez-Borja admits and agrees that the photo above shows one of hundreds of deliveries of stolen crude oil that he made to Edgett. He admits and agrees that his wife, Diane Marquez Rojo, was the primary contact for Edgett and/or Strickland. She communicated with them regarding Hernandez-Borja's delivery of stolen crude oil to them. He further admits and agrees that Edgett, Strickland, and Edgett's employee Danny Dale Brown, Jr., facilitated the delivery of the oil he stole to Edgett's tanks and

paid his wife in cash for the stolen crude oil. Those exchanges are demonstrated in the text communications below. [3]

Edgett and Brown:

From: +15756317381
To: +15756313387 (owner)

Borja is bring 30bbls [redacted] and 15water told her put it in tank 2 ill get it ready in the morning

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756313387 | | 5/10/2022 3:26:16 PM(UTC-6) | |

Status: Read
Platform:

5/10/2022 3:25:54 PM(UTC-6)

From: +15756317381
To: +15756313387 (owner)

Borja is bring 35-40bbls [redacted]

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756313387 | | 5/17/2022 9:06:34 AM(UTC-6) | |

Status: Read
Platform:

5/17/2022 9:03:38 AM(UTC-6)

[3] Beginning as early as 2023, Edgett employed a 15-year-old minor who worked full time assisting with the delivery of stolen crude oil at the direction of Edgett and Strickland. His name is redacted in the text communications shown here.

From: +15756317381 Danny Work
To: +15756313387 Louis (owner)

Borja supposed to be bringing 2 loads of [redacted] told them put in tk 1

Priority: Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15756313387 Louis | | 8/13/2022 4:20:02 PM(UTC-6) | |

Status: Read
Platform:

8/13/2022 4:19:47 PM(UTC-6)

From: +15756313387 Louis (owner)
To: +15756317381 Danny Work

Awesome

Priority: Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15756317381 Danny Work | | | |

Status: Sent

Edgett and Rojo:

From: +15756313387 (owner)
To: +15759424459

Hey Dianne, it shows 90 bbls if that's okay.
Plus 195
285
$4275.

Priority: Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15759424459 | 12/23/2022 3:09:30 PM(UTC-7) | 12/23/2022 3:11:49 PM(UTC-7) | |

Status: Sent
Platform:

12/23/2022 3:09:29 PM(UTC-7)

From: +15759424459
To: +15756313387 (owner)

Ok that's ok and the 20 bbls from last time

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756313387 | | 12/23/2022 3:13:11 PM(UTC-7) | |

**Status:** Read
**Platform:**

12/23/2022 3:13:08 PM(UTC-7)

From: +15756313387 (owner)
To: +15759424459

Thank you! Danny will bring it Tonight or morning?

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15759424459 | 12/23/2022 3:16:34 PM(UTC-7) | 12/23/2022 3:16:38 PM(UTC-7) | |

**Status:** Sent
**Platform:**

12/23/2022 3:16:33 PM(UTC-7)

From: +15759424459 Borja Dianne
To: +15756313387 Louis (owner)

Hi mr louis hubby has 120 bbls we're do u need it

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756313387 Louis | | 2/10/2023 4:31:51 PM(UTC-7) | |

**Status:** Read
**Platform:**

2/10/2023 4:31:09 PM(UTC-7)




Strickland and Rojo:



From: +15756314823 Brenden (owner)
To: +15759424459 Diana Rojo Borja

Yes maam I do [redacted] is there

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15759424459 Diana Rojo Borja | | | |

Platform:
Service Identifier: com.apple.MobileSMS

6/24/2024 12:11:39 PM(UTC-6)

From: +15759424459 Diana Rojo Borja
To: +15756314823 Brenden (owner)

Morning Brendon do u have room for a load

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756314823 Brenden | | | |

Platform:
Service Identifier: com.apple.MobileSMS

7/9/2024 5:30:56 AM(UTC-6)

From: +15756314823 Brenden (owner)
To: +15759424459 Diana Rojo Borja

Don't think [redacted] is there yet. One sec, let me check where to put it.

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15759424459 Diana Rojo Borja | | | |

Platform:
Service Identifier: com.apple.MobileSMS

7/9/2024 5:52:18 AM(UTC-6)

7. Hernandez-Borja admits and agrees that Edgett and Strickland paid him significantly below WTI pricing for the stolen crude oil he delivered to them. He admits and agrees that he sold approximately 10,975 barrels of stolen crude oil to Edgett and Strickland between June 2022 and July 2024. That oil had an approximate fair market value of $888,975, but Edgett and Strickland paid $15 per barrel for the stolen oil for a total of $164,625.

8. Investigation showed that Christopher Frederick Harris, an employee of Randell Wayne Reid and James Darrell Reid, would pick up the stolen crude oil from Edgett's tanks in New Mexico and transport it to the Reids' tanks in Seminole, Texas. The Reids paid Edgett significantly below WTI for the stolen crude oil. The Reids then turned around and sold the stolen crude oil to mid-stream buyers at prices below WTI.

9. Hernandez-Borja admits and agrees that his actions were part of a conspiracy to transport stolen crude oil in interstate commerce, that is, to transport stolen crude oil from New Mexico to Seminole, Texas, within the Lubbock Division of the Northern District of Texas. He admits and agrees that he and his conspirators committed the overt act of transporting stolen crude oil to Edgett's property. That stolen oil was then taken across the New Mexico-Texas state border in interstate commerce. Hernandez-Borja admits that he knew the crude oil, which was valued in excess of $5,000, was stolen at the time it was transported in interstate commerce.

10. Hernandez-Borja admits and agrees that he joined in the conspiracy willfully, knowing of the unlawful purpose of the conspiracy, and with intent to further the unlawful purpose.

11. Finally, Hernandez-Borja admits and agrees that he committed all the essential elements of the offense alleged in Count One of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One.

AGREED TO AND STIPULATED on this 29th day of July, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

Jesus M. Hernandez Borja
JESUS MARTIN HERNANDEZ-BORJA
Defendant

ANN HOWEY
Assistant United States Attorney
Texas State Bar No. 24032312
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7351
Facsimile: 806-472-7394
E-mail: ann.howey@usdoj.gov

HEATH HYDE
Attorney for Defendant