FILED - USDC - NDTX - LU

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

LOUIS GEORGE EDGETT (1)

No. 5:26-CR-027-H(01)

## FACTUAL RESUME

In connection with Louis George Edgett's plea of guilty to the offenses in Count One of the Indictment, Edgett, the defendant; Laurie Key, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following.

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of Title 18, United States Code, Section 371, that is, Conspiracy to Transport Stolen Property in Interstate Commerce, the government must prove the following elements beyond a reasonable doubt:[1]

*First*: That the defendant and at least one other person agreed to commit the crime of Transportation of Stolen Property in Interstate Commerce, as charged in the Indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish some object or purpose of the conspiracy.

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2024).

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

To prove the offense of Interstate Transportation of Stolen Property, in violation of Title 18, United States Code, Section 2314, the government must prove each of the following elements beyond a reasonable doubt:[2]

*First*: That the defendant transported or caused to be transported in interstate or foreign commerce items of stolen property as described

[2] Fifth Circuit Pattern Jury Instruction 2.89 (5th Cir. 2024).

in the indictment.

*Second*: That at the time of such transportation, the defendant knew that the property had been stolen, converted, or taken by fraud; and

*Third*: That the property had a value of $5,000 or more.

Knowledge or reasonable foreseeability of interstate or foreign transport is not required to convict. It is enough if the defendant set in motion a series of events which in the normal course led to the transportation.

"Property" means goods, wares, merchandise, securities, or money.

The word "stolen" means all wrongful and dishonest taking of property with the intent to deprive the owner of the rights and benefits of ownership, temporarily or permanently.

The phrase "taken by fraud" means to deceive or cheat someone out of property by means of false or fraudulent pretenses, representations or promises.

The word "value" means the face, par, or market value, whichever is the greatest and the aggregate value of all goods, wares, and merchandise, securities, and money referred to in a single indictment shall constitute the value thereof.

## STIPULATED FACTS

1. Louis George Edgett admits and agrees that from on or about a date unknown to the grand jury and continuing through on or about the date of the Indictment, in the Lubbock Division of the Northern District of Texas, and elsewhere, he did knowingly and intentionally combine, conspire, confederate, and agree with his co-conspirators named in the Indictment and with persons known and unknown to the grand jury, to commit an offense against the United States, that is, Interstate Transportation of Stolen Property, in violation of Title 18, United States Code, Section 2314. All in violation of Title 18, United States Code, Section 371.

2. The Permian Basin, a vast sedimentary shale basin located in West Texas and Southeastern New Mexico, currently produces an estimated 14 million barrels of oil

per day. According to the U.S. Energy Information Administration, ten counties in the Permian Basin account for 93% of U.S. oil production growth since 2020. The region encompassing Lea and Eddy Counties, the situs for much of the oil theft in this case, accounted for much of the increase in production between 2020 and 2024. West Texas Intermediate ("WTI") is the benchmark used to price crude oil in the Permian Basin and much of the United States.

3. Louis George Edgett conducted business on at least four properties in and near Eddy and Lea Counties in New Mexico. Edgett and a relative known to the grand jury leased one of the properties, the "Government E #001," from the United States of America, and Edgett leased the "Keohane B Federal #2 and #3" from the United States of America. He leased the "Sarah Sue #002 and #003" from the State of New Mexico. Edgett also leased property on Maddox Road at and near Highway 62 in Eastern New Mexico from a private individual. Edgett maintained frac and oil tanks on the properties.

4. Sixto Herrera-Estebane, Gyardo Gonzales, Jesus Martin Hernandez-Borja, Diana Marquez Rojo, Jose Luis Rojo, Jose Mario Rivas-Mendoza, Miguel A. Soto, Tavares Montrail Cole, and others (collectively, "the haulers") stole crude oil from producers in the Eastern New Mexico region of the Permian Basin.

5. The haulers transported the stolen crude oil in tanker trucks and water vacuum trucks to Edgett's four leased sites in New Mexico, where they unloaded the stolen crude oil into frac and oil tanks. Edgett or Brenden Lloyd Strickland paid the haulers significantly below WTI for the stolen crude oil.

6. Christopher Frederick Harris, a Reidco Enterprises employee, drove to Edgett's leased properties in and near Eddy and Lea Counties in New Mexico at the

direction of Edgett, Strickland, or Randell Wayne Reid and loaded and hauled the stolen crude oil from New Mexico to Reidco Enterprises in Seminole, Texas, within the Northern District of Texas. Randell Wayne Reid and James Darrell Reid paid Edgett significantly below WTI for the stolen crude oil. The Reids sent wire payments to Edgett for the stolen oil.

7. On July 8, 2024, an agent with the Bureau of Land Management (BLM) was investigating a crude oil theft that occurred on Highway 238 near Hobbs, New Mexico. He asked an oilfield worker in that area whether he knew of anyone buying crude oil, and the worker told him that Edgett at Govt E was paying cash for crude oil. The agent drove to Edgett's Government E lease and saw through a site glass that a water hauling truck was carrying crude oil.

8. On July 10, 2024, the BLM agent, along with an Eddy County Sheriff's deputy and a BLM petroleum engineer, drove to the Government E, which was purported to be a saltwater disposal (SWD) site. They found a total of 20 tanks containing crude oil. An SWD is in the business of receiving water and not oil. Although SWDs may receive small amounts of oil (skim oil) in the water the receive, the "skim" is usually 1-2% of the entire load. Electricity is critical to SWD processes, but there was no electricity on site. Law enforcement observed only dark petroleum in tanks. There were no water tanks.

9. Both Edgett and Strickland came to the site. They admitted to buying crude oil with cash and claimed they kept records at their office in Hobbs. Local detectives obtained search warrants for Edgett's and Strickland's cell phones and their office. The

detectives did not find physical or electronic evidence at the office but did find a few handwritten ledgers.

10. After the BLM agent confronted Edgett and Strickland on July 10, Edgett went to his bank later that day and took out six cashier's checks, each in the amount of $100,000. These checks were ultimately deposited into Edgett's personal bank account.

11. On July 25, 2024, BLM agents found three frac tanks at Edgett's Sarah Sue oil lease filled with oil. The agents taped off the Government E lease and the three frac tanks on the Sarah Sue and sealed the tanks with U.S. Government seals.

12. Edgett later removed the tape:




13. That same evening, a hauler unloaded oil into the previously sealed tanks:



14. Below are representative text messages between Edgett and various haulers coordinating for the receipt of stolen crude oil:

From: sixtoherreraestebane@icloud.com
To: +15756313387 Louis (owner)

Hi sir we got a 925 today

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756313387 Louis | | 1/7/2024 6:43:59 AM(UTC -7) | |

Status: Read
Platform:

1/6/2024 10:23:09 PM(UTC-7)

From: +15756313387 (owner)

Did you get any oil last night?

Priority: Normal
Status: Sent
Platform:

1/12/2024 6:46:19 AM(UTC-7)

From: sixtoherreraestebane@icloud.com
To: +15756313387 Louis (owner)

No sir

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756313387 Louis | | 1/12/2024 9:06:15 AM(UTC -7) | |

Status: Read
Platform:

1/12/2024 9:05:06 AM(UTC-7)

Sample text thread between Gonzalez and Edgett:

| | | |
|---|---|---|
| 12/01/2023 07:26:45 AM (UTC-7) | 2060 total for the month. | +15754415436 <+15754415436> |
| 12/01/2023 07:53:14 AM (UTC-7) | Damn it man. Christmas time!!!! | +15756313387 <+15756313387> |
| 12/01/2023 07:53:56 AM (UTC-7) | 😂 to "Damn it man. Christmas time!!!!" | +15754415436 <+15754415436> |

Representative text threads between Edgett and Hernandez-Borja and Rojo (Hernandez-Borja's wife)



From: +15759424459
To: +15756313387 (owner)

Mr louis do you have space to take 100 bbls

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756313387 | | 12/22/2022 8:18:15 PM(UTC-7) | |

Status: Read
Platform:

12/22/2022 7:53:54 PM(UTC-7)



From: +15756313387 (owner)
To: +15759424459

Did you bring the oil?

Priority: Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15759424459 | 12/23/2022 8:41:18 AM(UTC-7) | 12/23/2022 10:39:00 AM(UTC-7) | |

Status: Sent
Platform:

12/23/2022 8:41:17 AM(UTC-7)

From: +15759424459
To: +15756313387 (owner)

Mr louis a truck just unloaded on 1 he is gng to unload on 2 so there won't be any confusion

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15756313387 | | 12/23/2022 12:47:06 PM(UTC-7) | |

**Status:** Read
**Platform:**

12/23/2022 12:46:49 PM(UTC-7)

From: +15756313387 (owner)
To: +15759424459

Hey Dianne, it shows 90 bbls if that's okay.
Plus 195
285
$4275.

**Priority:** Normal

| Participant | Delivered | Read | Played |
|---|---|---|---|
| +15759424459 | 12/23/2022 3:09:30 PM(UTC-7) | 12/23/2022 3:11:49 PM(UTC-7) | |

**Status:** Sent
**Platform:**

12/23/2022 3:09:29 PM(UTC-7)

From: +15759424459 Borja Dianne
To: +15756313387 Louis (owner)

Hi mr Lou's hubby has 100 bbls 60 oil rest is water we're do u need it at

Priority: Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15756313387 Louis | | 1/26/2023 1:41:57 PM(UTC-7) | |

Status: Read

Platform:

1/26/2023 1:41:52 PM(UTC-7)

From: +15759424459 Borja Dianne
To: +15756313387 Louis (owner)

Mr louis I have 130 bbls of oil gng ur way we're do u need it

Priority: Normal

| Participant | Delivered | Read | Played |
| --- | --- | --- | --- |
| +15756313387 Louis | | 1/27/2023 6:38:55 PM(UTC-7) | |

Status: Read

Platform:

1/27/2023 6:38:35 PM(UTC-7)

15. On January 27, 2023, Tavares Montrail Cole texted Edgett, "Good morning Mr. Lewis I got some oil for just wanted to make sure which tank to push into." Edgett responded, "Tank 1." That same day, Diane Rojo texted Edgett, "Mr louis I have 130 bbls of oil gng ur way were do u need it". Edgett responded, "Tank 1." Following these texts, Edgett sent a text to Christopher Frederick Harris, the driver for Reidco Enterprises, saying, "5 loads at the Gov E."

16. A payment receipt from Reidco dated February 2, 2023, shows that Harris picked up loads of stolen oil from Edgett on January 27, January 30, and February 2 and 3, 2023. Edgett admits that he caused this stolen crude oil to be transported in interstate

commerce from the State of New Mexico to the State of Texas, and that at the time of the transportation, he knew that the crude oil was stolen and had a value of $5,000 or more.

17. On February 14, 2023, Randall Reid texted Louis Edgett, "Have $147,659.23 coming your way buddy. Our office electricity is off so far today but soon as it comes on, we will send the statement! Thanks man."

18. On a Reidco Enterprises statement dated February 2, 2023, to Edgett Brine, the amount $147,659.23 was wired for 15 loads of crude oil picked up from January 13, 2023, to February 03, 2023.

19. As noted, the investigation showed that Christopher Frederick Harris, an employee of Randell Wayne Reid and James Darrell Reid, would pick up the stolen crude oil from Edgett's tanks in New Mexico and transport it to the Reids' tanks in Seminole, Texas. The Reids paid Edgett significantly below WTI for the stolen crude oil. The Reids then turned around and sold the stolen crude oil to mid-stream buyers at prices below WTI.

20. Edgett admits and agrees that he agreed with his co-defendants and others known and unknown to commit the crime of Transportation of Stolen Property in Interstate Commerce, as charged in the Indictment. That is, he agreed to transport stolen crude oil from his facilities in New Mexico to Seminole, Texas, within the Lubbock Division of the Northern District of Texas. He admits and agrees that he and his co-conspirators committed the overt act of receiving the stolen crude oil on his property and coordinating for the receipt of that stolen crude oil. Edgett admits and agrees that the stolen crude oil was then taken across the New Mexico-Texas state border in interstate

commerce. Edgett admits that he knew the crude oil, which was valued in excess of $5,000, was stolen at the time it was transported in interstate commerce.

21. Edgett admits and agrees that he joined in the conspiracy willfully, knowing of the unlawful purpose of the conspiracy, and with intent to further the unlawful purpose.

22. Edgett agrees that the loss amount in this case is $7,539,063.00. This figure is based on the following:

| Hauler | Barrels Stolen | Average WTI | Total |
|---|---|---|---|
| Rojo | 2232 | $81.14 | $181,104.48 |
| Mendoza | 8707 | $80.39 | $699,955.73 |
| Soto | 9090 | $79.67 | $724,200.30 |
| Rojo/Hernandez-Borja | 10975 | $81.00 | $888,975 |
| Cole | 7439 | $81.41 | $605,608.99 |
| Gonzalez | 19930 | $78.30 | $1,560,519 |
| Herrera | 36765 | $78.30 | $2,878,699.5 |
| Totals | 58373 | varies | $7,539,063.00 |

23. Finally, Edgett admits and agrees that he committed all the essential elements of the offense alleged in Count One of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One.

AGREED TO AND STIPULATED on this 4th day of November, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

LOUIS GEORGE EDGETT
Defendant

JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7351
Facsimile: 806-472-7394
E-mail: jeffrey.haag@usdoj.gov

LAURIE KEY
Attorney for Defendant